*E-Filed 6/29/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALFONSO MOUZON, | No. C 11-00637 RS (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| v. | |
| PAM ALIN, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

      Petitioner challenges a 2006 determination by the Alameda County Superior Court that he is a sexually violent predator ("SVP") under California law.  As grounds for federal habeas relief, petitioner claims (1) the SVP evaluators' handbook was adopted in violation of state laws and regulations; (2) his SVP determination is void because the handbook was illegally adopted; (3) the evaluations in support of SVP charges were invalid because the handbook was illegally adopted; (4) his detention pursuant to the illegal regulations violates his right to due process; and (5) his civil commitment pursuant to the invalid protocol violates his right to due process.

      The petition is DISMISSED with leave to amend.  The petition (A) fails to state grounds for federal habeas relief, and (B) may be barred by the statute of limitations.  As to (A), petitioner's claims are predicated on the theory that the handbook was adopted in violation of state law.  State law claims are not remediable on federal habeas review.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).  In his amended petition, petitioner must put forth claims alleging specific facts that his federal constitutional or statutory rights were violated.

      As to (B), the petition may be barred by AEDPA's statute of limitations.  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  *See* 28

1  U.S.C. § 2244(d)(1).  Petitioner is challenging his 2006 SVP determination, but he filed the
2  instant petition in 2011, well more than a year after the determination.  Therefore, on its face,
3  the petition appears untimely.  Petitioner may be entitled to tolling for the time spent in
4  pursuing state collateral relief.  According to the petition, the sole collateral relief petitioner
5  sought was the filing of a state habeas petition with the state supreme court, which denied his
6  petition in 2010, at least four years after the SVP determination.  In his amended petition,
7  petitioner must give exact details of when he filed his state habeas petition, and why it was
8  filed more than a year after the SVP determination.

9        Accordingly, the petition is DISMISSED with leave to amend.  Petitioner shall file an
10 amended petition addressing the concerns detailed above within 30 days from the date this
11 order is filed.  The first amended petition must include the caption and civil case number
12 used in this order (11-00637 RS (PR)) and the words FIRST AMENDED PETITION on the
13 first page.  Because an amended petition completely replaces the previous petitions,
14 petitioner must include in his first amended petition <u>all</u> the claims he wishes to present.
15 Petitioner may <u>not</u> incorporate material from the prior petition by reference.  Failure to file an
16 amended petition in accordance with this order will result in dismissal of this action, pursuant
17 to Fed. R. Civ. P. 41(b), for failure to prosecute.

18 **IT IS SO ORDERED**.
19 DATED: June 29, 2011

                    RICHARD SEEBORG
                United States District Judge