1

2

3                                                                    *E-Filed 1/9/12*

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN FRANCISCO DIVISION

11

12    ALFONSO MOUZON,                              No. C 11-0637 RS (PR)

13                 Petitioner,                     **ORDER TO SHOW CAUSE**

14          v.

15    PAM AHLIN,

16                 Respondent.
                                              /
17

18                                     **INTRODUCTION**

19          This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se*

20    state prisoner.  The original petition was dismissed with leave to amend.  The amended

21    petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the

22    Rules Governing Section 2254 Cases.  Petitioner has paid the filing fee.

23                                      **DISCUSSION**

24          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

25    custody pursuant to the judgment of a State court only on the ground that he is in custody in

26    violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

27    A district court considering an application for a writ of habeas corpus shall "award the writ

28

United States District Court
For the Northern District of California

1   or issue an order directing the respondent to show cause why the writ should not be granted,

2   unless it appears from the application that the applicant or person detained is not entitled

3   thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in

4   the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See*

5   *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

6          Petitioner challenges a 2006 determination by the Alameda County Superior Court

7   that he is a sexually violent predator under California law. As grounds for federal habeas

8   relief, petitioner claims that (1) the Department of Mental Health failed to adhere to the

9   requirements of the sexually violent predator law in making their determination; (2) his due

10  process rights have been violated; and that his commitment violates (3) the Double Jeopardy

11  and (4) Ex Post Facto Clauses. Claim 1 is DISMISSED without leave to amend. It is a state

12  law claim, and as such, it is not remediable on federal habeas review, even if state law were

13  erroneously applied or interpreted. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).

14  Claims 2, 3, and 4, however, appear to state claims for relief, when liberally construed.

## CONCLUSION

16         1. The Clerk shall serve by certified mail a copy of this order, the petition and all

17  attachments thereto, on respondent and respondent's counsel, the Attorney General for the

18  State of California. The Clerk shall also serve a copy of this order on petitioner.

19         2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

20  days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

21  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

22  be granted based on petitioner's cognizable claim. Respondent shall file with the answer and

23  serve on petitioner a copy of all portions of the state trial record that previously have been

24  transcribed and that are relevant to a determination of the issues presented by the petition.

25         3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse

26  with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

27  answer is filed.

28

No. C 11-0637 RS (PR)
ORDER TO SHOW CAUSE

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

DATED: January 9, 2012

RICHARD SEEBORG
United States District Judge

No. C 11-0637 RS (PR)
ORDER TO SHOW CAUSE