*E-Filed 10/17/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALFONSO MOUZON,

        Petitioner,

   v.

PAM AHLIN,

        Respondent.

No. C 11-0637 RS (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Petitioner, a pretrial detainee, seeks federal habeas relief pursuant to 28 U.S.C. § 2241(c)(3). For the reasons set out below, respondent's motion to dismiss is GRANTED, and the action is hereby DISMISSED.

**BACKGROUND**

Petitioner is awaiting trial on charges that he is a sexually violent predator. (Pet.'s Opp. ("Opp.") to Mot. to Dismiss ("MTD") at 1; MTD at 2.) While in confinement, petitioner filed a writ of prohibition and also a habeas petition, which were both denied by the California Supreme Court. The habeas petition contained only a due process claim. Petitioner now challenges his pre-trial commitment based on that finding and asks for the

No. C 11-0637 RS (PR)
ORDER OF DISMISSAL

Court to order his immediate release on grounds of the following three claims: (1) violation of his right to due process; (2) violation of the Double Jeopardy Clause; and (3) violation of the Ex Post Facto Clause.

**DISCUSSION**

This Court has authority to entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Such a person is not in custody "pursuant to the judgment of a State court," 28 U.S.C. § 2254, and therefore brings his petition under 28 U.S.C. § 2241(c)(3). *McNeely*, 336 F.3d at 824 n.1.

Although there is no exhaustion requirement for a petition brought under § 2241(c)(3), principles of federalism and comity require that this Court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. *See Carden v. Montana*, 626 F.2d 82, 83–84 & n.1 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980).

**A.  Claim 1**

Abstention is appropriate on the due process claim. Although petitioner has exhausted adequately his available judicial state remedies for this claim, petitioner has not shown special circumstances warranting this Court's intervention. Accordingly, this claim is DISMISSED.

**B.  Claim 2**

Abstention on petitioner's Double Jeopardy Clause claim is appropriate because this claim was not exhausted. It is true that a claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*, 401 U.S. 37 (1971), requiring federal courts to abstain from interfering with pending state criminal proceedings. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992), *cert. denied*, 506 U.S. 1048 (1993). Federal courts may entertain pretrial petitions for a writ of

habeas corpus that raise a colorable claim of double jeopardy before a final judgment is rendered in a state court. *See id.; Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983). However, petitioner must exhaust those state remedies available to him before bringing such a petition in federal court. *See Greyson v. Kellam*, 937 F.2d 1409, 1412–13 (9th Cir. 1991).

Petitioner, however, contends that exhaustion is satisfied so long as the state petition presented the state court "with all the operative facts giving rise to the asserted constitutional principle." (Opp. at 5.) Petitioner cites *Johnson v. Zenon*, 88 F.3d 828 (9th Cir. 1996), to support his argument. But the *Johnson* court explained that the Supreme Court overturned the standard cited by petitioner and now requires petitioners to alert the state court of their federal constitutional claims even if the same underlying facts are presented. *See id.* at 830. Accordingly, this claim is DISMISSED.

**C.    Claim 3**

Abstention is also appropriate as to petitioner's Ex Post Facto claim because he has not exhausted his state judicial remedies. Accordingly, this claim is DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court will abstain from federal habeas review of petitioner's three claims. Accordingly, respondent's motion to dismiss (Docket No. 16) is GRANTED, and the action is DISMISSED without prejudice. The Clerk shall terminate Docket No. 16, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

DATED: October 17, 2012

RICHARD SEEBORG
United States District Judge